IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC § § Plaintiff, § § v. § § PRICELINE.COM INC.; § ORBITZ, LLC; § WALGREEN CO.; § OFFICEMAX INC.; § SHUTTERFLY, INC.; § SAKS INC.; and § CLARK WAMBERG, LLC § § Defendants. § | Civil Action No. 2:08-cv-45 |

**ORIGINAL COMPLAINT**

Plaintiff, Parallel Networks, LLC, brings this action for patent infringement and alleges the following:

**I. PARTIES**

1. Plaintiff Parallel Networks, LLC ("Parallel Networks") is a Texas limited liability company with its principal place of business in Dallas, Dallas County, Texas.

2. On information and belief, defendant Priceline.com Inc. ("Priceline.com") is a Delaware corporation, with its principal place of business at 800 Connecticut Ave, Suite 3W01, Norwalk, Connecticut 06854, and is doing business in the Eastern District and elsewhere in the State of Texas.  Priceline.com may be served with process by service upon its registered agent, Corporation Service Company, 800 Brazos Street, Austin, Texas 78701.

3. On information and belief, defendant Orbitz, LLC ("Orbitz") is a Delaware corporation, with its principal place of business at 500 West Madison Street, Suite 1000,

1

Chicago, Illinois 60661, and is doing business in the Eastern District and elsewhere in the State of Texas.  Although Orbitz has done—and continues to do—business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas.  Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Orbitz may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

     4.     On information and belief, defendant Walgreen Co. ("Walgreen") is an Illinois corporation, with its principal place of business at 200 Wilmot Road, Deerfield, Illinois 60015, and is doing business in the Eastern District and elsewhere in the State of Texas.  Walgreen may be served with process by service upon its registered agent, The Prentice-Hall Corporation System, 701 Brazos Street, Suite 1050, Austin, Texas 78701.

     5.     On information and belief, defendant OfficeMax Inc. ("OfficeMax") is a Delaware corporation, with its principal place of business at 263 Shuman Blvd., Naperville, Illinois 60563, and is doing business in the Eastern District and elsewhere in the State of Texas.  OfficeMax may be served with process by service upon its registered agent, CT Corp. System, 350 N. St. Paul Street, Dallas, Texas 75201.

     6.     On information and belief, defendant Shutterfly, Inc.("Shutterfly") is a Delaware corporation, with its principal place of business at 2800 Bridge Parkway, Redwood City, California 94065. Although Shutterfly has done—and continues to do—business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas.  Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Shutterfly may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

7. On information and belief, defendant Saks Inc. ("Saks") is a Tennessee corporation, with its principal place of business at 12 East 49th St., New York, New York 10017. Although Saks has done—and continues to do—business in the Eastern District and elsewhere in the State of Texas, it has not designated or maintained an agent for service of process in Texas. Accordingly, pursuant to Section 17.044 of the Texas Civil Practice and Remedies Code, Saks may be served with process by service upon the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701.

8. On information and belief, defendant Clark Wamberg, LLC ("Clark Wamberg") is a Delaware corporation, with its principal place of business at 102 S. Wynstone Park Drive, Suite 200, North Barrington, Illinois 60010, and is doing business in the Eastern District and elsewhere in the State of Texas. Clark Wamberg may be served with process by service upon its registered agent, National Registered Agents, Inc., 16055 Space Center, Suite 235, Houston, Texas 77062.

## II. JURISDICTION AND VENUE

9. This infringement action arises under the patent laws of the United States, title 35, United States Code. This Court has jurisdiction of this action under 28 U.S.C. §§ 1331, 1338(a).

10. All of the defendants have done—and continue to do—business in the Eastern District of Texas. All defendants have minimum contacts with the Eastern District of Texas such that this venue is a fair and reasonable one. The defendants have committed purposeful acts or transactions in the State of Texas such that they reasonably knew and expected that they could be haled into a Texas court as a consequence of such activity. Accordingly, venue in the Eastern District of Texas is proper under 28 U.S.C. §§ 1391(b), 1400(b).

## III. PATENT INFRINGEMENT

11. On April 13, 1999, and July 2, 2002, United States Patent Nos. 5,894,554 and 6,415,335 B1, which are collectively referred to as the "Parallel Networks Patents," duly and

legally issued. These two patents concern, among other things, systems and methods for managing dynamic Web page generation requests. Copies of the Parallel Networks Patents are attached hereto as Exhibits "A" and "B" and made a part hereof.

12. Parallel Networks is the owner of the Parallel Networks Patents and has the right to enforce those patents with respect to the defendants.

13. On information and belief, defendants make and/or use systems and methods for managing dynamic Web page generation requests within the scope of one or more of the claims of the Parallel Networks Patents. As a result, all of the defendants have been and still are infringing one or more of the claims of the Parallel Networks Patents as defined by 35 U.S.C. § 271 (a), (b), and/or (c). Parallel Networks has suffered damage by reason of defendants' infringement and will continue to suffer additional damage until this Court enjoins the infringing conduct.

14. To the extent that defendants have continued or do continue their infringing activities after receiving notice of the Parallel Networks Patents, such infringement is willful, entitling Parallel Networks to the recovery of increased damages under 35 U.S.C. § 284.

15. This is an "exceptional case" justifying an award of attorneys' fees and costs to Parallel Networks pursuant to 35 U.S.C. § 285.

16. Parallel Networks believes that defendants will continue to infringe the Parallel Networks Patents unless enjoined by this Court. Such infringing activity causes Parallel Networks irreparable harm and will continue to cause such harm without the issuance of an injunction.

### IV. JURY DEMAND

17. Plaintiff requests trial by jury pursuant to Federal Rule of Civil Procedure 38.

## V. PRAYER FOR RELIEF

18. Parallel Networks requests that the Court find in its favor and against defendants and that the Court grant the following relief:

   a. Judgment that one or more of the claims of the Parallel Networks Patents have been infringed, either literally and/or under the doctrine of equivalents, by defendants;

   b. Judgment in favor of Parallel Networks for the full amount of its actual damages caused by defendants' infringing activities, including an assessment of interest and costs;

   c. Judgment for increased damages for willful infringement pursuant to 35 U.S.C. § 284;

   d. Judgment that this is an "exceptional case" and awarding Parallel Networks its reasonable attorneys' fees and costs pursuant to 35 U.S.C. § 285;

   e. That defendants be permanently enjoined from further activity or conduct that infringes the claims of the Parallel Networks Patents; and

   f. That the Court award Parallel Networks such other and further relief as is just and proper under the circumstances.

Respectfully submitted,


  /s/ Larry D. Carlson
Larry D. Carlson, Lead Attorney
   Texas State Bar No. 03814500
   E-Mail:  larry.carlson@bakerbotts.com
Kevin Meek
   Texas State Bar No. 13899600
   E-Mail:  kevin.meek@bakerbotts.com
Brian Gaffney
   Texas State Bar No. 24032333
   E-Mail:  brian.gaffney@bakerbotts.com
Ryan Loveless
   Texas State Bar No. 24036997
   E-Mail:  ryan.loveless@bakerbotts.com
Jeff Moles
   Texas State Bar No. 24041504
   E-Mail:  jeff.moles@bakerbotts.com
BAKER BOTTS L.L.P.
2001 Ross Avenue
Dallas, Texas  75201
Telephone:  (214) 953-6500
Facsimile:  (214) 953-6503


Otis W. Carroll
   Texas State Bar No. 03895700
   E-mail:  otiscarroll@icklaw.com
IRELAND, CARROLL & KELLEY, P.C.
6101 S. Broadway, Suite 500
P.O. Box 7879
Tyler, Texas  75711
Telephone:  (903) 561-1600
Facsimile:  (903) 581-1071


S. Calvin Capshaw
   Texas State Bar No. 03783900
   E-Mail:  ccapshaw@mailbmc.com
BROWN McCARROLL LLP
1127 Judson Road, Suite 220
P.O. Box 3999
Longview, Texas  75601-5157
Telephone:  (903) 236-9800
Facsimile:  (903) 236-8787

Franklin Jones, Jr.
   Texas State Bar No. 00000055
   E-Mail:  maizieh@millerfirm.com
JONES & JONES, Inc., P.C.
201 West Houston Street
P.O. Drawer 1249
Marshall, Texas  75671-1249
Telephone:  (903) 938-4395
Facsimile:  (903) 938-3360


T. John Ward, Jr.
   State Bar No. 00794818
   E-mail: jw@jwfirm.com
Law Office of T. John Ward, Jr., P.C.
P.O. Box 1231
Longview, Texas 75606-1231
Telephone (903) 757-6400
Facsimile (903) 757-2323


ATTORNEYS FOR PLAINTIFF
PARALLEL NETWORKS, LLC