IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **PARALLEL NETWORKS, LLC**, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. 2:07-CV-562 DF |
| **NETFLIX, INC., et al.,** | § § | |
| Defendants. | § § | |
| **PARALLEL NETWORKS, LLC**, | § § § | |
| Plaintiff, | § § § | |
| v. | § § | CIVIL ACTION NO. 2:08-CV-45 DF |
| **PRICELINE.COM INC., et al.,** | § § | |
| Defendants. | § § § | |

**O R D E R**

Before the Court is Defendants' Motion and Letter Brief for Permission to File Motion for Summary Judgment of Invalidity Based on Indefiniteness of All Claims of the '554 and '335 Patents. Civil Action No. 2:07-cv-562, Dkt. No. 190 (Civil Action No. 2:08-cv-45, Dkt. No. 175). Also before the Court are Plaintiff's response and Defendants' reply. Civil Action No. 2:07-cv-562, Dkt. Nos. 195 and 204 (Civil Action No. 2:08-cv-45, Dkt. Nos. 180 and 187).

Further before the Court is Defendants' Motion for a Briefing Schedule on Their Proposed Motion for Summary Judgment of Invalidity Based on Indefiniteness of All Claims of the '554 and '335 Patents. Civil Action No. 2:07-cv-562, Dkt. No. 205.

Having considered the briefing and all relevant papers and pleadings, the Court finds that Defendants' motion for leave should be denied as premature. Defendants' motion for a briefing schedule should be terminated as moot.

## I. DISCUSSION

Claim indefiniteness is a "matter of claim construction" and the same principles that generally govern claim construction are applicable to the indefiniteness inquiry. *See Praxair, Inc. v. ATMI, Inc.*, 543 F.3d 1306, 1319 (Fed. Cir. 2008) ("Indefiniteness is a matter of claim construction") (citing *Datamize, LLC v. Plumtree Software, Inc.*, 417 F.3d 1342, 1348 (Fed. Cir. 2005)); *Exxon Research & Eng'g Co. v. United States*, 265 F.3d 1371, 1376 (Fed. Cir. 2001) ("claim indefiniteness is a legal conclusion that is drawn from the court's performance of its duty as the construer of patent claims") (quoting *Personalized Media Commc'ns, LLC v. Int'l Trade Comm'n*, 161 F.3d 696, 705 (Fed Cir. 1998)); *Halliburton Energy Servs., Inc. v. M-I LLC*, 456 F. Supp. 2d 811, 814 (E.D. Tex. 2006) (considering claim indefiniteness issues in conjunction with claim-construction), *aff'd*, 514 F.3d 1244 (Fed. Cir. 2008).

Indeed, indefiniteness is already a subject of the parties' briefing on claim construction. *See* Civil Action No. 2:07-cv-562, Dkt. Nos. 186, 191, and 201 (Civil Action No. 2:08-cv-45, Dkt. Nos. 170, 176, and 184). Because indefiniteness is already a live issue before the Court during claim construction, Defendants' motion for leave to file a motion for summary judgment regarding indefiniteness is therefore premature and should be DENIED.

## II. CONCLUSION

Defendants' Motion and Letter Brief for Permission to File Motion for Summary Judgment of Invalidity Based on Indefiniteness of All Claims of the '554 and '335 Patents (Civil

Action No. 2:07-cv-562, Dkt. No. 190 (Civil Action No. 2:08-cv-45, Dkt. No. 175)) is hereby DENIED.

Defendants' Motion for a Briefing Schedule on Their Proposed Motion for Summary Judgment of Invalidity Based on Indefiniteness of All Claims of the '554 and '335 Patents (Civil Action No. 2:07-cv-562, Dkt. No. 205) is hereby TERMINATED AS MOOT.

**IT IS SO ORDERED.**

**SIGNED this 15th day of July, 2009.**

DAVID FOLSOM
UNITED STATES DISTRICT JUDGE